

FILED

AUG 2 6 2021

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

**JAMES REECE,**

*Plaintiff,*

v.

**BERT LUMBRERAS,  Vol. 2;**
**THE CITY OF SAN MARCOS, et al,**

*Defendants.*

No. **1:21CV0746LY**

**SWORN COMPLAINT**

42 U.S.C. §§ 1983; 1985
Civil Rights, Conspiracy
RICO 18 U.S.C. § 1964(c)
Racketeering Influenced
Corrupt Organizations Act
Pendent State Law Claims

## SYLLABUS

This volume shows **(1)** Bert LUMBRERAS, city manager for the City of San Marcos, who following plaintiff's disclosure of facts showing LUMBRERAS using the CITY for purposes of RICO violations, **(2)** did 36-hours later on August 25, 2019 cause plaintiff to be arrested by the CITY without warrrant and charged with three felonies **(3)** in the absence of facts material to probable cause, **(4)** proven by video evidence capturing the entire transaction, **(5)** which is in the possession of Hays county district attorney Wesley MAU, and **(6)** next transferred 91 miles to Burnet County jail without authority, **(7)** subjected to severe injury, and **(8)** held 114 days without counsel **(9)** where after 38-days MAU offered the plaintiff "time-served" in return for a plea of guilt which plaintiff refused, and **(10)** who from time of his arrest has been requesting examining trial which remains withheld after two years by extortion of honest services **(11)** grounded on fraud of unindicted "state criminal proceedings" which now act to bar plaintiff's civil RICO action against these same defendants, and **(12)** by this continuing pattern of predicate acts taken under color of local government these defendants are achieving and maintaining commonly held goals of a separate criminal enterprise by the extortion of intangible property rights held by plaintiff under federal law for honest governmental services, by fraud converted to their own use.

# TABLE OF CONTENTS

¶                                                                                           Pg

1−2.    JURISDICTION—VENUE ......................................................................

3.      TIMING—False Imprisonment controlled under *Manuel v. City of Joliet*...........

5.      INTRODUCTION ..................................................................................

6−27    PARTIES and SERVICE ......................................................................

**FRAUD & CONDITIONS PRECEDENT**
        (a)   Elements of fraud common to all underlying claims ......................
        (b)   Conditions precedent to arrest and prosecution have not been met ..........
        (b)   Conditions precedent to ongoing restraints have not been met ..................

**18 U.S.C. § 1962, RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS**
        (a)   The Enterprise—Roles—Common Goals .................................................
        (b)   Deprivation of Honest Services—*Skilling*—Wire Fraud—Extortion .......
        (c)   Predicate acts

**42 U.S.C. § 1983  REDRESS OF CIVIL RIGHTS VIOLATIONS**

**42 U.S.C. § 1985(3) CONSPIRACY TO INFERFERE WITH CIVIL RIGHTS**
        (a)   Roles—Elements—Intent—Privileges and Immunities ..........................
        (b)   Obstruction and Retaliation §§ 1985(3) - 1986 .................................................
        (c)   Tampering With A Witness §§ 1985(3) – 1986 ..........................................

**U.S.C. § 1986  ACTION FOR NEGLECT TO PREVENT**
        (a)   Roles—Elements—Intent .......................................................................
        (b)   Immunity not available

## ALLEGATIONS OF FACT

**August 23, 2019** Plaintiff on discloses knowledge of RICO

enterprise involving city manager and chief of police ...........................................

**August 25, 2019**—CITY by fraud arrests plaintiff without warrant—three felonies ....

**August 27, 2019**, LUMBRERAS by fraud removes chief of police from office ............

No record of mandatory council action supporting removal ..........

Chief "appointed" to job title having no basis in fact or law ................

Plaintiff's underlying felony charge—*Assault.*

Video evidence withholds probable cause for arrest ..............................

Video evidence withholds factors for warrantless arrest ......................

City knows alleged "victim" is *not* a credible witness ..............................

City of San Marcos is *not* a credible witness ..........................................

Search incident to arrest—City finds *Weapons* in plaintiff's backpack ........................

Jail Inventory Search—*Drugs* found in plaintiff's backpack by same

correction officer who forced plaintiff to escape from jail nine months earlier ......

Counsel in writing refuses to visit, speak by phone or act upon plaintiff's requests .....

**September 11, 2019**—Hays County by fraud transfers plaintiff to Burnet County

jail in absence of interlocal authority or judicial order ......................................

Hays County withholds transfer of medical records causing severe injury ..................

Burnet County withholds medical treatment, stitches remain in plaintiff's skull ......

Burnet County fabricates disciplinary offense, plaintiff kept in segregation ................

Hays District Clerk refuses to file plaintiff's request to discharge counsel ....................

Plaintiff offered "time served" for guilty plea, files two decline letters.............................

Hays County withholds notice of decline letters, plaintiff kept as high risk .................

Hays District Attorney files misdemeanor information ...................................................

**December 14, 2019**—plaintiff released on personal bond ...........................................

Hays District court coordinator refuses to set plaintiff's motion to discharge counsel

District Attorney moves district court to withhold examinining trial—Court agrees ....

Plaintiff files plea to jurisdiction of county court—Judge Millie Thompson ................

Thompson grants plaintiff's request opposing state's motion to dismiss

prior to hearing of plea to jurisdiction, and sets for September 11, 2021 ................

Judge Millie Thompson resigns, alleges corruption of Hays court coordinator ...............

Plaintiff remains without arraignment, hearing set for September 11, 2021 ........

**August 25, 2021**—this suit mailed to Clerk for W.D.Tex at Austin .....................

# CAUSES OF ACTION

**City of San Marcos**

CHRIS MARROQUIN - arresting officer – warrantless arrest ....................................

JOHN DOE 1 - Sergeant investigator reviews and approves ........................................

CHASE STAPP - Chief of Police sets standards of training and approves ......................

BERT LUMBRERAS - City manager receives notice and approves ..............................

THE CITY OF SAN MARCOS - Policy driving extrajudicial powers of restraint..............

**County of Hays**

GARY CUTLER  - Sheriff, trains, controls and directs 'jail policy' .............................

RUBEN BECERRA – Commissioner Judge, controls and directs 'jail policy'...........

WESLEY MAU – Hays County District Attorney, conspires, neglects, extorts ...............

**Burnet County**

CALVIN BOYD- Sheriff, trains, controls and directs 'jail policy' .............................

JAMES OAKLEY- Commissioner Judge, controls and directs 'jail policy'....................

JANE DOE 1- Medical Doctor at jail, conscious indifference ......................................

JANE DOE 2- Disciplinary officer at jail, fabricates plaintiff's "waiver" of hearing ...........

**Court Appointed Counsel**

MICHAEL SHULMAN – Representation calculated to defeat plaintiff's interests ............

__.     PRAYER.  ........................................................................................................

__.     VERIFICATION.  ........................................................................................

1. **JURISDICTION – VENUE – TIMING.**

2. JURISDICTION is held by this district court for redress of civil rights violations, 2 U.S.C. §1983;  conspiracy to interfere with civil rights, 42 U.S.C. §1985(3), neglect to prevent 42 U.S.C. §1986.  Civil RICO 18 U.S.C. § 1964(c) ;  federal questions 28 U.S.C. § 1331.

   Plaintiff requests this Court's jurisdiction under 28 U.S. §§ 1367, 1652 for imbedded state law claims  which are **not controlled under Texas Tort Claim Act** Tex. Civ. Pract. & Rem. Code § 101.0215(a), for reasons of fraud and conditions precedent showing a continuing pattern of criminal acts in which defendants are *not* acting within the scope of a lawful tasks and are *not* satisfying fiduciary duties owed to their employer the state, in their capacity as either governmental executive, governmental employee, or a local governmental entity, Tex. Civ. Pract. & Rem. Code  § 101.101(5); *Lopez v. Serna*, 414 S.W.3d 890 (Tex. App.—San Antonio 2013; *Ballantyne v. Champion Builders, Inc.*, 144 S.W.3d 417, 424 (TexTex. Civ. Pract. & Rem. Code §. 2004).

3. VENUE is proper under 28 U.S.C. § 1391(b)(2) for acts occurring in the County of Hays, Texas.

4. TIMING.  The defendant's actions commenced on August 25, 2019. This suit is filed within  two years expiring on and with August 25, 2021 under Texas Civil Practice & Remedy Code § 16.003(a).  In the alternate, this suit is filed within four years of a continuing pattern of common law extortion pursuant to limitations for fraud, under Civil Practice & Remedy Code § 16.003(b).

**Continuing Injury—Continuing Tort.** A limitation period does not commence until the tortious conduct ceases [see *Adler v. Beverly Hills Hospital*, 594 S.W.2d 153, 156–157 (Civ. App.—Dallas 1980, no writ)—limitations for false imprisonment commences when unlawful detention ends; *Newton v. Newton*, 895 S.W.2d 503, 506 (Tex. App.—Fort Worth 1995, no writ);

**Accrual—Tolling.** These wrongful acts are not complete in themselves because they form only part of a cumulative course of the defendants' continuing conduct. Plaintiff avers limitations either do not begin to run or are tolled until the activity ceases [see *Twyman v. Twyman*, 790 S.W.2d 819, 821 (Tex. App.—Austin 1990), rev'd on other grounds, 855 S.W.2d 619 (Tex. 1993)] "[W]e have recognized that there is no favorable-termination element for a Fourth Amendment false imprisonment claim." *Manuel v. City of Joliet,* 137 S.Ct. 911, at 925-26 (2017) (citing *Wallace v. Kato*, 549 U. S. 384 at 389–392 (2007). *Wallace v. Kato*, 549 U. S. 384 at 389–392 (2007).

5. **INTRODUCTION OF CASE.**

This is Volume 2 of a series of complaints that raise a pattern of predicate acts and state law violations occurring under color of local government in which the City of San Marcos Texas is being used as a victim or passive instrument of fraud on behalf of a separate criminal enterprise. This volume supports allegations contained in Volume 1, taken as true, which show that because the City of San Marcos is being used on a continuing basis for criminal offenses, it cannot act as a credible witness for purposes of criminally prosecuting the plaintiff.

Immunity fails under scienters of extortion, wire fraud, false imprisonment, tampering and ongoing detention caused by the defendants who are violating rights secured to the plaintiff under the constitution and laws of this nation for which he is entitled to judgment and award of damages.

6. **PARTIES and SERVICE:**

**CHRIS MARROQUIN**, Individual and official capacity as
Police Officer for the City of San Marcos
San Marcos Police Department
2300 I-35, San Marcos, TX 78666

**JOHN DOE No.1**, Individual and official capacity, as
Supervisor Sergeant for City of San Marcos in COSM Case No. 19-53525
San Marcos Police Department
2300 I-35, San Marcos, TX 78666

**CHASE STAPP**, Individual and official capacity, as
Chief of Police for the City of San Marcos
San Marcos City Hall
630 E. Hopkins, San Marcos, TX 78666

**BERT LUMBRERAS**, Individual and official capacity
City Manager for the City of San Marcos
San Marcos City Hall
630 E. Hopkins, San Marcos, TX 78666

**THE CITY OF SAN MARCOS**, in its official capacity
By and through service upon City Manager Bert Lumbreras
San Marcos City Hall
630 E. Hopkins, San Marcos, TX 78666

**GARY CUTLER**,  Individual and official capacity as
Sheriff, Hays County Texas
Hays County Sheriff's Office
712 Stagecoach Trail, San Marcos, Texas 78666

**ROBERTO DELEON**, Individual and official capacity as
Corrections Officer, Hays County Detention Center
Hays County Detention Center
1307 Uhland Road, San Marcos, Texas 78666

**REUBEN BECERRA**, Individual and official capacity
Hays County Commissioners Court Judge
Hays Commissioners Courthouse
111 East San Antonio Street, Suite 300, San Marcos, Texas 78666

**WESLEY MAU**, Individual and official capacity
Hays County District Attorney
Hays County Government Center
712 S. Stagecoach Trail., Suite 2057, San Marcos, Texas 7866

**HAYS COUNTY TEXAS**, In its official capacity
by and through service upon Hays County Judge Ruben Becerra
Hays Commissioners Courthouse
111 East San Antonio Street, Suite 300, San Marcos, Texas 78666

**CALVIN BOYD**, Individual and official capacity
Sheriff, Burnet County Texas
Burnet County Sheriff's Office
1601 E. Polk St.
Burnet, Texas 78611

**JAMES OAKLEY**, Individual and official capacity
Burnet County Commisioners Court Judge
220 S. Pierce Street
Burnet, Texas 78611

**JANE DOE No. 1**, Individual and official capacity
Medical Doctor practicing in Burnet County jail
black female, dates of occurrences Sept-Dec, 2019
Burnet County Jail, 900 County Lane
Burnet, Texas 78611

**JANE DOE No. 2**, Individual and official capacity
Disciplinary officer for Burnet County jail
white female, dates of occurrences Sept-Dec, 2019
Burnet County Jail, 900 County Lane
Burnet, Texas 78611

**BURNET COUNTY TEXAS**, In its official capacity
By and through service upon Burnet County Judge James Oakley
220 S. Pierce Street
Burnet, Texas 78611

**MICHAEL SHULMAN,** Individual and official capacity
Attorney at Law
174 South Guadalupe Street, No. 201
San Marcos, Texas 78666
(512) 392-9365

(a) <u>SERVICE</u> may be had on defendants at the above addresses, for which

issuance of summons is requested under Fed.R.Civ.P. Rule 4.

(b) Plaintiff is an individual residing in Hays County, Texas.

**FRAUD & CONDITIONS PRECEDENT**

    (a)  Elements of fraud common to all underlying claims.

        **Jail transfer fraud—bribery quid pro quo—non governmental purposes.**

        This defendant by fraud under color of governmental roles by means of a separate non-governmental enterprise acts in a complete absence of governmental authority and abducts and holds the plaintiff, as a pre-trial detainee, 91 miles away from Hays County for purposes of impeding, obstructing and defeating plaintiff's right held to due process of law in the state of Texas, and is violating 42  U.S.C. § 1985(3), by conspiracy to interfere with plaintiff's civil rights.  These actors in their executive capacity as commissioner judge or sheriff for the respective counties of Burnet and Hays, are aware they hold no authority to commit these acts due to knowing that a contract does *not* effectitvely exist between themselves at the time of their acts. These actors in their signatory capacities within a pending contract know they will be allowed to take these acts at a later date, and for these reasons know until such time their acts at hand are illegal.   These actors thus knowingly take their acts for purposes of a separate non-governmental objective. At hand, these defendants are shown reciprocally offering and obtaining things of value from one-another to influence the other's decision to commit acts they know are illegal, namely the transfer of JAMES REECE as a Hays county pre-trial detainee away from Hays county held by Burnet county.  By these acts HAYS COUNTY obtains control of due process rights held by REECE, which are converted to the use of a separate criminal enterprise having targeted REECE as a threat to its existence, and by bribery obtains goals which act as reinvestments to that enterprise under 18 U.S.C. § 1962(b). Likewise, BURNET COUNTY defendants agree to violate RICO 18 U.S.C.§ 1962(a).

(b) **Conditions precedent to arrest and prosecution not met.**.

Here, the City of San Marcos ("CITY") by fraud of perjured affidavit (**Ex. 1**)

in support of its warrantless arrest in absence of personal knowledge, uses the

statement of a "victim" "*known to* [the CITY] *as a credible* person", when in

fact, the CITY knows this same person holds an extensive record of criminal

offenses in Hays County for possession of drugs, family violence and stalking,

as even include convictions for "Handicap Parking" violations—as evidenced

in police body cam video at hand showing this non-handicapped "victim" at

time of occurrence again parked in the handicapped parking zone directly in

front of the store entrance.  Under the Fourth Amendment, a warrantless arrest is

unreasonable per se unless it fits into one of a "few specifically established and well

delineated exceptions." *Minnesota v. Dickerson*, 508 U.S. 366, 372 (1993); *Torres*

*v. State,* 182 S.W.3d 899, 901 (Tex.Crim.App.2005).  A police officer may arrest an

individual without a warrant only if probable cause exists and the arrest falls within

one of the exceptions set out in the Code of Criminal Procedure. *Torres*, 182 S.W.3d

at 901 Id. see Tex.Code Crim. Proc. Ann. arts. 14.01–.04.  Here, defendants

LUMBRERAS, THE CITY, its police officer MARROQUIN and district attorney

MAU, by employing expressions they know are false at that time they are made, for

purposes of arrest and prosecution by fraud employ the self-serving statement of a

"victim" who they know is *not* a credible person, in order to defeat the due process of

law in this state, in violation of 42  U.S.C. § 1985(3) conspiracy to interfere with

plaintiff's civil rights. These actors additionally know that the store video  shows the

plaintiff was assaulted by the alleged victim, and the store video and officers body

cam show the plaintiff was present and awaiting arrival of police to scene, and in no

way presented any factor supporting warrantless arrest under the exceptions of Crim.

Proc. Ann. arts 14.01-04.  Due to knowing this warrantless arrest took place by fraud

in absence of those statutory exceptions, district attorney WESLEY MAU on October

3, 2019 filed a decline letter for plaintiff's sole underlying arrest.  Due to knowing this

illegal arrest acts to suppress all other evidence obtained by this fraud, district

attorney WESLEY MAU on October 3, 2019 declined to prosecute the *Weapons*

charge (**Ex.** 2) which allegedly arose from search incident to that underlying arrest.

However, due to MAU's substantial interest held in the same separate criminal

enterprise that under color of governmental authority has targeted the plaintiff, MAU

will not forsake his ongoing county court prosecution of plaintiff for *Drugs* (**Ex. 3**) as

magically located in plaintiff's backpack at the jail following that underlying arrest,

by the same correction officer ROBERT DELEON shown in self-proving government

documents (Reece v. Lumbreras, Vol. 1) as the same person who nine months earlier

caused plaintiff to escape from the Hays County jail in order to protect the identies

and objectives of a criminal enterprise operating under color of local governmental

entities.  For these reasons LUMBRERAS has obtained control and operation of the

CITY by fraud for purposes of achieving goals of a separate criminal enterprise and is

violating 18 U.S.C. §§ 1962(c-d).  LUMBRERAS by reason of predicate acts

committed by and through use of the CITY as a passive instrument has directly caused

plaintiff's injuries under 18 U.S.C. §§ 1962(a), and by this continuing stream of

benefits act as a reinvestment to that enterprise under 18 U.S.C. § 1962(b). MAU by

fraud expressed as "prosecution" does agree to violate 18 U.S.C. § 1962(a).

(B) Conditions precedent to ongoing restraints have not been met

**Plaintiff's absolute right to examining trial withheld by fraud.**

This defendant knows he holds duty to the state as a condition precedent for an examining trial provided to the accused upon request at any time prior to indictment for any felony charge, and knows that this legal process is a property right held by the plaintiff rising to a level of entitlement under federal law [1]. Under the intangible rights doctrine, proof of fraud does not turn on the acquisition of property based on false pretenses. Rather, a governmental defendant is criminally liable if he deprives the intangible right [2] held by the defendant for honest and faithful government services provided through an examining trial upon the reasons supporting his underlying arrest.[3] Here, plaintiff alleges LUMBRERAS by and through his control of the CITY of San Marcos used as a passive instrument of fraud, in agreement with defendant district attorney MAU, has obtained control of plaintiff's property rights held to honest governmental services of that examining trial owed to the plaintiff under federal law, and has converted those rights to his own use for purposes of achieving the goals of a separate criminal enterprise, and LUMBRERAS in having obtained control

---

1   *United States v. Brumley*, 116 F.3d 728 (5th Cir. 1997)(holding that in order for a state official to have committed honest services fraud, he or she must have violated the state statute defining the services which were owed to the employer (the state) "Stated directly, the official must act or fail to act contrary to the requirements of his job under state law."). Id. at 734.

2   While an underlying property right may be created by state law or regulation, "federal constitutional law determines whether that interest rises to the level of a legitimate claim of entitlement protected by the Due Process Clause." *Memphis Light, Gas & Water Division v. Craft*, 436 U.S. 1, 9 (1978).

3   "The accused in any felony case shall have the right to an examining trial *before* indictment..." Texas Code of Criminal Procedure, Art. 16.01. [ *emphasis* ].

of the CITY for purposes of this enterprise, is violating 18 U.S.C. §§ 1962(c-d).  By

and through the CITY used as his passive instrument for extortion LUMBRERAS is

directly causing plaintiff's injuries under 18 U.S.C. § 1962(a), and that continuing

stream of benefits acts as a reinvestment to the enterprise under 18 U.S.C. § 1962(b).

MAU by fraud expressed as "state criminal proceedings" likewise agrees to violate 18

U.S.C.§ 1962(a).  <u>This scheme acts to foreclose my absolute right held to a Fourth

amendment hearing[4] on the probable cause for plaintiff's underlying felony arrest

—from which two other felony charges were derived by search incident to that

arrest</u>. This is how LUMBRERAS and MAU by fraud are maintaining "state"

criminal proceedings against the plaintiff, and how he will remain an unindicted

justiciable target under state law for four years while denied right to challenge

the fraudulent basis of his underlying felony arrest which resulted in drugs and

weapons found magically in his backpack at the Hays county jail by the same

corrections officer who caused plaintiff's escape there on October 30, 2018.

Hence aware they've no answer to give upon the indisputable facts and scienters

of predicate acts by which they are obtaining and converting to their own use the

fundamental rights held by plaintiff for access to courts, probable cause and

confrontation of evidence, these defendants will undoubtedly invoke federal

comity to conceal their enterprise and toll the limitations of plaintiff's as-of-yet

indeterminate 1983 remedy.

---

4   "The accused in any felony case shall have the right to an examining trial
*before* indictment..." <u>Texas Code of Criminal Procedure, Art. 16.01</u>. [ *emphasis* ].

Plaintiff alleges the defendants by means of state law offenses and predicate acts are violating the following statutory provisions and requests leave of this Court for amendment and supplementation on a relate back basis, under Rule 15, Federal Rules of Civil Procedure.

### 18 U.S.C. § 1962, RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS
    (a)  The Enterprise—Roles—Common Goals.
    (b)  Deprivation of Honest Services—*Skilling*—Wire Fraud—Extortion.
      (c) Predicate acts

### 42 U.S.C. § 1983  REDRESS OF CIVIL RIGHTS VIOLATIONS.

The defendants are violating plaintiff's rights held under laws and constitution of this nation.

### 42 U.S.C. § 1983  REDRESS OF CIVIL RIGHTS VIOLATIONS

#### 42 U.S.C. § 1985(3) CONSPIRACY TO INFERFERE WITH CIVIL RIGHTS
    (a)  Roles—Elements—Intent—Privileges and Immunities.
    (b)  Obstruction and Retaliation §§ 1985(3) – 1986.
    (c)  Tampering With A Witness  §§ 1985(3) – 1986.

#### U.S.C. § 1986  ACTION FOR NEGLECT TO PREVENT
    (a)  Roles—Elements—Intent
    (b) Immunity not available

ALLEGATIONS OF FACT

5. **August 23, 2019—Plaintiff discloses knowledge of RICO enterprise involving city manager and Chief of police.**

6. **Plaintiff arrested by CITY 36 hours later for three felonies**   The Dollar General Store, 202 Porter St., San Marcos Texas 11:30 hrs, pursuant to my daily arrival at this location, I place my backpack in a shopping cart outside the store and approach the pair of metal framed glass panel doors, each approximately 36 inches wide, both of which open outward from the middle where they meet absent any median divider.

7. Standing from the outside, I reach for the door on my right and grasp its handle. A large man is approaching from the inside, (white male, 6'02", 200lbs, white hair, barrel chest).  He alters course avoiding the door on his right, steps in front of my position, makes eye contact through the glass and says, "Get out of the way".  At this same time he causes my door to suddenly open outward where it becomes jammed atop the toe of my boot (right foot), and creates a opening of approximately 16 inches between it and its identical twin.

8. This man now begins forcing his way through the opening of this door wedged atop my boot, and I yell, "The door on your right is open!" His head emerges yelling at me and my attention is on his hands and feet as he squeezes out this opening, cursing, yet passes me without incident. However upon reaching his vehicle (parked immediately behind me in

handicap parking) he then reverses course with a small asian female now grabbing and pleading with him, "No, please don't", while he advances at me yelling, "I'm going to knock that son-of-a-bitch flat".

9. **All of these events were captured on videotape from a distance of twelve feet by a ceiling mounted camera inside of the store**.

10. I am a cripple of spine, age 67, bent forward and fused in all vertebrae save the axis joint at the base of my skull. My shoulders and hips are heavily involved in this auto-immune process known as ankylosing spondylitis. Drawing from many years as private investigator and merchant marine, I can defend myself.

11. This man now closed and feinted a right. I responded with my left arm at length grabbing his collar, hindering his right arm and preventing the reach of his left. To do this, I had rotated to my left 90 degrees, with my right boot still pinned under the door. I would not look this man in the eyes, nor would I verbally respond. I stared away from him silently into space as if crazy while waiving my right arm in slow circles, practicing "confuse and defuse".

12. In another thirty seconds he stopped yelling. I pushed the door off my boot and stepped into the store confident that no fight would be following. Yet as I entered, I heard him say, "I'm calling the police."

13. Inside I spoke with the clerk who had witnessed these events from inside at a distance of about twelve feet; I asked if the security camera was working; I verified the other door was operating and stood-by

awaiting arrival of City police.

14. Five minutes later a city officer arrives and asks me, "What's your name, sir?"  I respond, "Reece."

      Him: [thousand yard stare] "Oh ....Jim Reece."

15. I suggest that everything he needs may be shown on the videotape generated from a distance of twelve feet.  He says, "I'll be right back" and walks toward the store office.  Returning, he says, "I'm citing you for a Class-C misdemeanor assault." More police arrive, more earphone radio chatter;  "Mr. Reece, I've located a scrape on the complainant's arm, so I'm arresting you for a Class-A misdemeanor."

16. I'm ordered to exit the store; the grounds are now populated with City police and park rangers arriving on multi-terrain vehicles.  I am hand-cuffed and placed into a unit on whose hood my backpack is examined.

17. **August 27, 2019, Lumbreras removes Chase Stapp as Chief of Police** and claims the City has apppointed Stapp to new position of Director of Public Safety for which municipal record and minutes of council are <u>silent</u>.  To date Stapp remains a commissioned officer employed at city hall.  A new chief of police was recently chosen and confirmed by council from candidates outside of the city, and did assume command on November 16, 2020.

18. **Underlying Felony charge—*Assault*.** August 25, 2019

19. **Video evidence withholds probable cause for arrest.**

20.        **Video evidence withholds factors for warrantless arrest**

21. **Jail Inventory Search—*Possession of Drugs and Weapons*** "<u>Possession of Weapon</u>", **(3)** <u>Possession of Drugs</u>

22. **Affiant Hays correction officer Robert Deleon same personwho previously robbed and forced plaintiff to escape from jail** .—the latter which is allegedly found in my backpack during inventory search at jail by the same correction officer who caused my escape on October 30, 2018, <u>Robert DeLeon</u>. Bond: eleven-thousand dollars.

23. **September 2, 2019. Counsel in writing refuses to visit, speak by phone or act upon plaintiff's requests.**  In jail I receive a letter from appointed attorney Michael Shulman ("Shulman") who says (1) he will not interviewor visit me while in jail; (2) he will not speak with me by phone and will noy accept calls at my own expense; (3) he will not provide state's discovery, and that (4) all conference and strategy if any will be conducted on trial day. Shulman's letter encloses a 5-page questionnaire and a self-addressed stamped envelope. (**Ex. 32**, *Shulman letter*).

24.  September 10, 2019, I mail correspondence to Shulman: (1) his 5-page questionnaire answered in entirety; (2) an additional 7-pages of my own "Narrative" describing all facts in question, and (3) one page of "Requests" asking him to (A) immediately set for hearing an examining trial; (B) immediately preserve the store's videotape, and (C) obtain and mail to me a copy of the arresting officer's complaint supporting

warrantless arrest.  Shulman does not acknowledge or ever perform these requests.   Shulman admit receipt and review of those 8 pages within his billing statement tendered to the court

25. **September 12, 2019.**  Hays County 'randomly' transfers plaintiff to Burnet County Jail 91 miles away without basis in law or judicial authority

26. Hays County withholds transfer of medical records causing severe injury

27. Burnet County withholds medical treatment, stitches remain in plaintiff's skull

28. October 2, 2019. **State *declines* prosecution of  underlying arrest for felony Assault, and *declines* prosecution of derivative felony offense of "Weapon where alcohol sold". (Ex. 2; 4, *decline letters*).**

29. **District Attorney offers plaintiff "time served" for guilty plea.** October 10, 2019.  With no mention of my previous letter or legal requests described at 70, Id., attorney Shulman writes to say the state is offering me "time served" if I plead to the derivative misdemeanor Drug offense. (Ex. 35 *Shulman letter*).

30. October 2, 2019. **State *declines* prosecution of  underlying arrest for felony Assault, and *declines* prosecution of derivative felony offense of "Weapon where alcohol sold". (Ex. 2; 4, *decline letters*).**

31.

32. November 7, 2019.  **I mail to the clerk my Motion to Terminate Representation and Proceed Pro Se** accompanied by cover letter requesting hearing provided at earliest possible date.  Shulman is noticed of this motion. (**Ex. 36**).

33. November 15, 2019.  **Clerk receives my motion, but refuses to mark it**

**"Filed" or "Received"**   A self-addressed stamped envelope accompanies my motion, yet the clerk does not reply.

34. **The district court coordinator refuses to place the motion on the court's docket** for hearing, and does write upon my motion he will take no action to do so. (**Ex. 37**).

35.  I mail the coordinator a letter requesting status of my request for hearing—no reply was given.

36. November 22 and November 26, 2019. **Attorney Shulman writes twice urging my plea of guilt**;  His second letter says I won't receive a hearing on my motion to discharge him *unless he allows it*. (**Ex.**).

37.  December 3, 2019. **Misdemeanor INFORMATION FILED** "Attempt to Commit possession tetrahydrocannabinol". <u>County Court Case. No 19-6178-CR3</u>.

38.  December 12, 2019. **Transported from Burnet County** and returned to Hays County detention center.

39.  December 16, 2019.  **Brought in chains before 453rd District Court Judge David Junkin[5]** who hears a habeas petition filed by Shulman in <u>County Court Case. No 19-6178-CR3</u> (at 79, Id.) for my release on personal bond due to delay (Art. 17.151 C.Cr.P.).  I keep silent for fear

---

5    The same judge who nine months prior had withheld evidentiary hearing upon my application for pre-trial writ of habeas corpus, Id. p22, Art 44-47.

being returned to jail if I raise my *motion to terminate* as known to Shulman; the clerk and court coordinator.  The court grants Shulman's petition, my bond amount is doubled, and I am ordered "not to contact the police unless it's an emergency." (**Ex. 41**, *Order*). <u>Shulman afterwards refuses to explain how his order of appointment in the district court allowed him to enter an appearance in my county court case</u>.

40. December 17, 2019.  I arrive on foot to the Hays County Government Center, and determine the status of my pro se filings remain unaltered as described at 74 – 77, Id.

41. **I speak with Hays county district clerk Beverly Crumley** who refuses to explain why she would not mark or acknowledge my motion.

42. **I speak with Hays county district court coordinator Steve Thomas,** who continues refusing to set my motion and tells me, "*Look, I'm not asking you to do anything I don't ask of attorneys.  Just explain to me why you think it should be heard, and I'll consider setting it.*"

43. **I write a letter to court coordinator Steve Thomas with copy to Hays general counsel promising legal action** if Thomas does not docket a hearing upon my motion to terminate counsel Shulman.   (**Ex. 42**, letter).

44. January 17, 2020. **The misdemeanor drug case derived from my underlying arrest is called in county court** by Judge Tim Johnson who in response to my question declares that the probable cause for my underlying felony  arrest "*doesn't matter anymore, …that's all behind*

*you now...you're here now before me*." **(Ex. 43**, *transcript*).

45. January 18, 2020. **My motion to terminate Shulman is now filed by clerk, set for hearing and DENIED by the 453rd state district court.** The "state" argues that by declining to prosecute my underlying felony arrest, it thus deprives the court of the felony subject matter created at time of magistrate's hearing, and which allegedly acts to deprive any jurisdiction held by the court for discharging my counsel whose ongoing representation prevents my pro se request for an examining trial on the cause of the same unindicted felony. **(Ex. 44** *hearing minutes*).

46. **August 25, 2021.** This suit mailed to Western District Court of Austin, Texas.

## CAUSES OF ACTION

47. Plaintiff hereby incorporates by reference all foregoing Fraud, Conditions Prededent and Allegations of Fact below as if copied and set out at length into each and every individual Cause of Action

### DEFENDANT **CHRIS MARROQUIN**

<u>Fourth amendment violations</u>. Is causing the ongoing deprivation of rights held by plaintiff against: (a) by unreasonable detention committed absent reasonable suspicion or probable cause; (c) by unreasonable detention in absence of subject matter jurisdiction.

<u>Fourteenth amendment violations</u>. Is causing the ongoing deprivation of substantive and procedural rights held by plaintiff for due-process of law and hearing upon basis of plaintiff's ongoing detention and restraint Is causing plaintiff's

FALSE IMPRISONMENT by detention and ongoing restraint, without his consent; and without legal authority, by means of an unwritten policy

### DEFENDANT **SUPERVISOR SARGEANT**

<u>Fourth amendment violations</u>. Is causing the ongoing deprivation of rights held by plaintiff against: (a) by unreasonable detention committed absent reasonable suspicion or probable cause; (c) by unreasonable detention in absence of subject matter jurisdiction.

<u>Fourteenth amendment violations</u>. Is causing the ongoing deprivation of substantive and procedural rights held by plaintiff for due-process of law and hearing upon basis of plaintiff's ongoing detention and restraint Is causing plaintiff's

FALSE IMPRISONMENT by detention and ongoing restraint, without his consent; and without legal authority, by means of an unwritten policy

DEFENDANT **CHASE STAPP**

Fourth amendment violations. Is causing the ongoing deprivation of rights held by plaintiff against: (a) by unreasonable detention committed absent reasonable suspicion or probable cause; (c) by unreasonable detention in absence of subject matter jurisdiction.

Fourteenth amendment violations. Is causing the ongoing deprivation of substantive and procedural rights held by plaintiff for due-process of law and hearing upon basis of plaintiff's ongoing detention and restraint Is causing plaintiff's

FALSE IMPRISONMENT by detention and ongoing restraint, without his consent; and without legal authority, by means of an unwritten policy

DEFENDANT **BERT LUMBRERAS**,

Plaintiff particularly alleges that there is sufficient evidence from which a reasonable jury could conclude that because plaintiff had knowledge of facts that would expose LUMBRERAS to criminal liability, he did cause plaintiff to be arrested without warrant or probable cause to achieve the goals of separate criminal enterprise, and that LUMBRERAS's acts were motivated by a culpable mentality, and that  fraud and indifference is the moving force by which he does willingly commit extreme and outrageous ongoing acts which resulted in plaintiff's severe emotional distress.

Fourth amendment violations. Is causing the ongoing deprivation of rights held by plaintiff against: (a) by unreasonable detention committed absent reasonable suspicion or probable cause; (c) by unreasonable detention in absence of subject matter jurisdiction.

Fourteenth amendment violations. Is causing the ongoing deprivation of substantive and procedural rights held by plaintiff for due-process of law and hearing upon basis of plaintiff's ongoing detention and restraint Is causing plaintiff's

FALSE IMPRISONMENT by detention and ongoing restraint, without his consent; and without legal authority, by means of an unwritten policy

DEFENDANT **THE CITY OF SAN MARCOS**

Fourth amendment violations. Is causing the ongoing deprivation of rights held by plaintiff against: (a) by unreasonable detention committed absent reasonable suspicion or probable cause; (c) by unreasonable detention in absence of subject matter jurisdiction.

Fourteenth amendment violations. Is causing the ongoing deprivation of substantive and procedural rights held by plaintiff for due-process of law and hearing upon basis of plaintiff's ongoing detention and restraint Is causing plaintiff's

FALSE IMPRISONMENT by detention and ongoing restraint, without his consent; and without legal authority, by means of an unwritten policy

DEFENDANT **GARY CUTLER**

Fourteenth amendment violations. Is causing the ongoing deprivation of substantive and procedural rights held by plaintiff for due-process of law and hearing upon basis of plaintiff's ongoing detention and restraint Is causing plaintiff's

DEFENDANT **ROBERTO DELEON,**

48. First Amendment violations. Is causing the ongoing deprivation of rights held by plaintiff for: (a) liberty to move about at will, to come and go and enter premises of HEB's public place; (b) access to court

49. Fourth amendment violations. Is causing the ongoing deprivation of rights held by plaintiff against: (a) by unreasonable detention committed absent reasonable suspicion or probable cause; (c) by unreasonable detention in absence of subject matter jurisdiction.

50. Fourteenth amendment violations. Is causing the ongoing deprivation of substantive and procedural rights held by plaintiff for due-process of law

and hearing upon basis of plaintiff's ongoing detention and restraint Is
causing plaintiff's

## DEFENDANT **REUBEN BECERRA**

FALSE IMPRISONMENT by detention and ongoing restraint, without his consent;
and without legal authority, by means of an unwritten policy

## DEFENDANT **WESLEY MAU**

51. First Amendment violations. Is causing the ongoing deprivation of rights
held by plaintiff for: (a) liberty to move about at will, to come and go and
enter premises of HEB's public place; (b) access to court

52. Fourth amendment violations. Is causing the ongoing deprivation of rights
held by plaintiff against: (a) by unreasonable detention committed absent
reasonable suspicion or probable cause; (c) by unreasonable detention in
absence of subject matter jurisdiction.

53. Fourteenth amendment violations. Is causing the ongoing deprivation of
substantive and procedural rights held by plaintiff for due-process of law
and hearing upon basis of plaintiff's ongoing detention and restraint Is
causing plaintiff's

## DEFENDANT **Burnet County**- Sheriff,

54. Fourteenth amendment violations. Is causing the ongoing deprivation of
substantive and procedural rights held by plaintiff for due-process of law
and hearing upon basis of plaintiff's ongoing detention and restraint Is
causing plaintiff's

## DEFENDANT **Burnet County**- Medical Director,h

55. Eighth amendment violations. Is causing the ongoing deprivation of
substantive and procedural rights held by plaintiff for due-process of law
and hearing upon basis of plaintiff's ongoing detention and restraint Is
causing plaintiff's

DEFENDANT **Burnet County**- Disciplinary officer No. 1

56. <u>Fourteenth amendment violations</u>. Is causing the ongoing deprivation of substantive and procedural rights held by plaintiff for due-process of law and hearing upon basis of plaintiff's ongoing detention and restraint Is causing plaintiff's

DEFENDANT **MICHAEL SHULMAN**

57. <u>First Amendment violations</u>. Is causing the ongoing deprivation of rights held by plaintiff for: (a) liberty to move about at will, to come and go and enter premises of HEB's public place; (b) access to court

58. <u>Fourth amendment violations</u>. Is causing deprivation of rights held by plaintiff against: (a) by unreasonable detention committed absent reasonable suspicion or probable cause; (c) by unreasonable detention in absence of subject matter jurisdiction.

59. <u>Sixth amendment violations</u>. Is causing the ongoing deprivation of rights held by plaintiff against: (a)

60. <u>Fourteenth amendment violations</u>. Is causing the ongoing deprivation of substantive and procedural rights held by plaintiff for due-process of law and hearing upon basis of plaintiff's ongoing detention and restraint Is causing plaintiff's

61. **PRAYER**

62. Plaintiff requests this Court grant plaintiff leave to amend **on a relate back basis** under Rule 15, Federal Rules of Civil Procedure.

63. Plaintiff prays this Court for judgment against the Defendants for damages compensatory and punitive in excess of minimal jurisdictional limits of this Court, in an amount to be determined by a jury as reasonable, and for all such further relief to which plaintiff may be entitled to under the premises.

64. A jury is respectfully demanded to try the issues once joined.

Respectfully submitted,

_James Reece_

James Reece,
*Plaintiff, pro se*
district.court.petitioner@gmail.com
San Marcos, Texas  78666s
c/o Postmaster General Delivery
900 Bugg Ln. San Marcos, Tx 78666

VERIFICATION UNDER 28 U.S.C. § 1746

"I state under penalty of perjury that the foregoing is true and correct.

Executed on ~~October~~ August 25, 2021 ~~2020~~"

_James Reece_

James Reece, Affiant